## JEAN CURLEY, PLAINTIFF, v. KYRAN CURLEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 18, 1955.

*Mr. James A. Major,* attorney for plaintiff.

*Messrs. Malkin & Malkin (Julius L. Malkin* appearing), attorneys for defendant.

HEGARTY, J. S. C.   This is a proceeding brought at the instance of plaintiff by notice of motion, supported by her affidavit, in which she seeks order of court requiring defendant to support and maintain her and the infant children born of the marriage, and a child, Judith Curley.   The application also includes a request for allowance of costs and counsel fees.

Plaintiff's affidavit is practically a restatement of the allegations of her complaint and avers she was formerly married to defendant and divorced him on April 29, 1949, by a decree of the Superior Court of California, in and for Alameda County.   Three children were born of the marriage, two of whom are minors, viz., Susan, 16, and William, 14, both of whom are in the care and custody of plaintiff.   Defendant is in receipt of a pension as a retired lieutenant commander in the United States Navy and he is also employed as assistant marine superintendent by Tidewater Oil Company, New York City, where his salary is $800 a month.   He owns a house at 520 Franklin Avenue, Wyckoff, New Jersey, valued at $26,000 and on which he made a down payment of $12,000.   After entry of divorce decree, defendant induced plaintiff to cohabit with him in New Jersey on his promise of remarriage.   As a result, there was born to plaintiff a daughter, Judith Curley, now three years old.   Plaintiff has been employed as a clerk by W. R. Grace & Co., New York City, and must now give up her employment in order to care for her children.   By order of Bergen County Juvenile and Domestic Relations Court she is receiving from defendant the sum of $300 monthly in support of herself and the children and now questions the right of that court to enter such order when she and defendant were no longer husband and wife.   She is without property of any kind and presently resides in an apartment for which she is obliged to pay rent in amount of $92 per month.   One of the children is in need of extensive orthodontic work.

The defendant in his answering affidavit admits his marriage to plaintiff and her divorce from him on April 29, 1949

in California. The final judgment of divorce provided that the care and custody of the then three infant children, two of whom are still minors, be awarded to plaintiff and that the sum of $25 per month be paid by defendant for the support of each child—a total of $75 per month. The California judgment remains in full force and effect and has never been modified. No allowance was made for plaintiff in the divorce proceedings because personal service was not had upon him within the jurisdiction of the State of California. He admits owning a home at 520 Franklin Avenue, Wyckoff, New Jersey, and says that the down payment thereon was $10,500. To make the said payment he borrowed $10,000 from his mother and also borrowed an additional $5,000 to pay off debts incurred by plaintiff. His salary is approximately $800 a month and his take-home pay is $600 a month. Defendant denies he ever promised to remarry plaintiff. However, he did tell her he would consider it if she would change her way of life and be a proper wife to him and not run up large-scale debts. She failed him in all these respects. He admits being ordered to pay to plaintiff $300 monthly by Bergen County Juvenile and Domestic Relations Court and claims the order is proper and is adequate in amount to support and maintain plaintiff's entire household. Defendant contends that Bergen County Juvenile and Domestic Relations Court had jurisdiction to make said order and urges this court not to make an order at this time. He denies knowing of the need for orthodontic work mentioned by plaintiff and points out that the oldest daughter, Kyrina, is over 21 years of age and is capable of working and contributing to plaintiff.

Counsel for defendant admitted that defendant's pension from the United States Navy is $200 per month and stated that defendant would not deny the paternity of the child, Judith Curley.

The action is for statutory support of plaintiff and maintenance of the children of the marriage, two of whom are minors. In view of defendant's representation, through

counsel, that the paternity of Judith Curley is not denied, provision will also have to be made for the maintenance of that child.

It appears that the substantial question to be determined rests upon plaintiff's challenge, resisted by defendant, of the jurisdiction of Bergen County Juvenile and Domestic Relations Court to hear and determine a complaint for support involving a man and woman, legally divorced, no longer husband and wife, and its authority to effectuate the order of support made thereunder. Plaintiff's suit is authorized by *N. J. S. 2A* :34–23 which provides:

"Pending any matrimonial action brought in this state or elsewhere, or after judgment of divorce or maintenance, whether obtained in this state or elsewhere, the court may make such order as to the alimony or maintenance of the wife, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. * * * Orders so made may be revised and altered by the court from time to time as circumstances may require."

It is clear that the power and jurisdiction of the Juvenile and Domestic Relations Court does not extend to proceedings brought after divorce, whether obtained in this State or elsewhere, under the provisions of the above-cited statute. The jurisdiction in such cases rests solely in this court. Here the man and woman are no longer husband and wife but there is properly before me for consideration, *pendente lite,* the questions of alimony for the plaintiff, by reason of judgment of divorce in her favor in the State of California against the defendant in which no provision was made for her support, the maintenance of the two infant children of the marriage, and also the support of the child, Judith Curley.

The court is now concerned with the question of whether or not plaintiff has shown a *prima facie* case under the complaint to warrant *ad interim* allowance for one or more of the items of relief sought. After a full consideration

of all the circumstances appearing, the arguments of counsel and the law, I have concluded on a finding of fact that plaintiff's case on this application shows sufficient to justify the award of temporary alimony to her and maintenance for the children, as well as counsel fees and costs. It is conceded that defendant's gross income is in excess of $1,000 a month and that his net approximates $800 a month. Defendant shall pay, *pendente lite*, to plaintiff for alimony the sum of $150 per month, and the further sum of $75 per month for each of the two infant children born of the marriage and also for Judith Curley, an infant child, whose paternity is not denied—a total of $375 per month, payable through Bergen County Probation Office. In addition, defendant shall pay to plaintiff or to her attorney the sum of $400 as a reasonable attorney's fee, costs of this application to be taxed, and also the $60 deposit required under *R. R.* 4:98–1(*d*).

Counsel shall present a conformable order. See *R. R.* 4:55–1.